UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISHON GIPSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAMPION HOME BUILDERS, INC.,<br><br>Defendant. | No. 1:20-cv-00392-DAD-SKO<br><br>ORDER REQUIRING PARTIES TO SUBMIT ADDITIONAL EVIDENCE REGARDING AMOUNT IN CONTROVERSY<br><br>(Doc. No. 10) |

This matter is before the court on plaintiff's motion to remand this class action to Tulare County Superior Court, where it was initially filed on February 2, 2020. (Doc. No. 10.)

On March 16, 2020, defendant timely removed this action to this court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Doc. No. 1.) On April 21, 2020, plaintiff filed the pending motion to remand this action to state court, contending that defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million as required by CAFA. (Doc. No. 10.)

Consistent with the Ninth Circuit's opinion in *Ibarra v. Manheim Invs. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015), the court will now order the parties to submit additional evidence related to the amount in controversy in this action.

/////

1

In *Ibarra*, the defendant removed a wage and hour class action to federal court based on CAFA jurisdiction and justified its calculation of the amount in controversy by relying on a declaration from its senior director of employee services. 775 F.3d at 1198. However, the defendant there "relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence," and the plaintiff contested that assumption "but did not assert an alternative violation rate grounded in real evidence, such as an affidavit by [plaintiff] asserting how often he was denied meal and rest breaks." *Id*. at 1199.[1] Faced with this record, the Ninth Circuit remanded the case back to the district court "for both sides to submit proof related to the disputed amount in controversy." *Id*.; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (holding that when the defendant's assertion of the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied").

In remanding the matter to the district court in *Ibarra*, the Ninth Circuit gave further guidance that "[u]nder the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra*, 775 F.3d at 1199. However, subsequently the Ninth Circuit has also noted, "[w]here a removing defendant has shown potential recovery '*could* exceed $5 million and the [p]laintiff has neither acknowledged nor sought to establish that the class recovery is potentially any less,' the defendant 'has borne its burden to show the amount in controversy exceeds $5 million.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

Here, defendant submitted some evidence with its notice of removal in the form of a declaration from Ryan Boehm, defendant's HR Director, (Doc. No. 1-5) and plaintiff has not submitted any evidence in connection with his motion to remand. Defendant did not submit any

---

[1] To justify the amount in controversy calculation, the defendant in *Ibarra* "relied on a declaration of its senior director of employee services and administration, which had a table listing all of its non-exempt employees and their corresponding number of shifts worked in excess of 5 hours and 3.5 hours during the relevant class period." *Id*. at 1198. The Ninth Circuit held that this was not sufficient and "vacate[d] and remand[ed] because neither side has submitted proof regarding the violation rate." *Id*. at 1195.

additional evidence in support of its opposition to plaintiff's motion to remand. Defendant does, however, request the opportunity to provide further evidence in the event "any question remains as to the propriety of the removal of this action." (Doc. No. 13 at 12.)

Rather than reach a determination on plaintiff's motion to remand based on the evidence submitted thus far, the court finds it prudent and consistent with Ninth Circuit precedent for the parties to submit additional evidence addressing the violation rate and the disputed amount in controversy to assist the court in making that determination under the legal standards set out above.

In addition, although defendant asserts that it applied a conservative 20% violation rate, resulting in a total amount in controversy of $11,211,985.00, defendant also calculated other rates for sake of argument and comparison. (Doc. No. 13 at 11–12.) On the low end, defendant asserts that applying a 10% violation rate would result in an amount in controversy of $7,189,086.25. (*Id.*) Plaintiff argues that defendant's calculations are flawed because they assume that all putative class members worked every week of the entire class period. (Doc. No. 14 at 12.) Nevertheless, given that defendant's low-end estimate substantially exceeds the jurisdictional threshold under CAFA, it appears to the court that after the parties address the purported flaws in defendant's calculations, the parties might not reasonably dispute that the amount in controversy exceeds $5 million. Thus, the court will order the parties to meet and confer prior to filing any additional evidence to share their additional evidence, if any, and to discuss whether the parties are able to reach an agreement that the amount in controversy in this action exceeds $5 million. If so, the parties shall file a joint stipulation no later than twenty-one (21) days after the date of this order.

/////

/////

/////

/////

/////

/////

Accordingly, the parties are ordered to submit any additional evidence they wish to submit regarding the amount in controversy in this action within twenty-one (21) days of the date of this order. Alternatively, if the parties are able to reach an agreement that the amount in controversy exceeds $5 million, then they shall file a joint stipulation no later than twenty-one (21) days from the date of this order.

IT IS SO ORDERED.

Dated:   **June 4, 2020**                                     /s/ Dale A. Drozd
                                                                        UNITED STATES DISTRICT JUDGE